The Honorable David Evans State Representative 20 Country Club Circle Searcy, AR 72143-9498
Dear Representative Evans:
I am writing in response to your request for an opinion on the following question:
 If a candidate for public office realizes that they are not eligible to hold the office that they are seeking, and withdraw from the race prior to the general election, does the party have the right to fill the vacancy and what are the procedures if they have that right?
RESPONSE
Your question does not lend itself to a simple "yes" or "no" because the answer will vary depending upon the particular circumstances. If your question involves a vacancy arising from the withdrawal of a party candidate who had no opposition, i.e., an unopposed candidate, it is my opinion that there is no procedure for filling the vacancy under the scenario you have described, where the candidate realizes that he or she is "not eligible to hold the office." If, however, this involves the withdrawal of a nominee who was elected at a party primary, the inquiry focuses on the particular reason for the candidate's ineligibility. A "vacancy in nomination," to be filled either by a special election or a convention, at the party's option, will exist in that instance if the candidate filed for another office or moved out of the area from which he or she was elected prior to the final date for certification of nominations.
Please note that I have enclosed a copy of Attorney General Opinion98-011, which discusses the election laws that are relevant to your question and explains, in part, the basis for the above conclusions. The only change in the law since the issuance of that opinion involves anunopposed candidate who dies or who withdraws due to serious illness. The law in this regard was amended in 2001. The following provision was enacted under Act 1772 of 2001:
(a) A political party may fill a vacancy if:
 (1) A person is running unopposed in a preferential primary and cannot accept the nomination due to death; or
 (2) Upon notification to the party that he or she will not accept the nomination due to a serious illness.
 (b) The vacancy shall be filled within ten (10) calendar days after the death or notification to the political party.
 (c) The vacancy shall be filled at a convention of the political party.
A.C.A. 7-7-106 (Supp. 2003) (emphasis added).
As a result of this enactment, a procedure now exists for the party to fill a vacancy arising from the death or serious illness of an unopposed candidate. This change does not appear to be relevant, however, to your question involving a candidate who realizes he or she is ineligible to hold the office. If your question pertains, therefore, to an unopposed candidate, there continues to be no method for declaring a new nominee when such candidate withdraws. The analysis in the enclosed Opinion98-011 still applies in that instance. I will not restate the opinion, but refer you instead to that document for a detailed analysis, which turns on the fact that the circumstances giving rise to a "vacancy in nomination," as contemplated by the statutes, only arise with respect to a person who received the majority of votes at the preferential primary election or general primary election.
Such a "vacancy in nomination" may exist, however, if your question involves the withdrawal of a candidate who was elected as the party's nominee at a party primary. A "vacancy in nomination" means:
 the circumstances in which the person who received the majority of votes at the preferential primary election or general primary election cannot accept the nomination due to death or notifies the party that he or she will not accept the nomination due to serious illness, moving out of the area from which the person was elected as the party's nominee, or filing for another office preceding the final date for certification of nominations[.]
A.C.A. 7-1-101 (24) (Supp. 2003).
As you can see, the basis for the candidate's ineligibility will be determinative of your question, if you are inquiring regarding someone who was elected at a party primary. If the candidate moved out of the area or filed for another office, as contemplated by the above definition of "vacancy in nomination," then there is a procedure for the party to fill the vacancy. At the option of the state committee of the political party, the vacancy in that instance may be filled either by a special election or a convention of delegates. See A.C.A. 7-7-104 (Repl. 2000). The state committee must notify the Governor of its option within five days of receiving notice of the vacancy. Id. at subsection (c). Section7-7-104 should be referenced for the particular procedures in this regard. Subsection (d) of § 7-7-104 should also be noted wherein it provides:
 If the party fails to notify the Governor within the five-day period, the vacancy in nomination shall not be filled nor shall the vacancy in nomination be filled if it occurred for any reason other than death, serious illness, the candidate's moving out of the area from which elected as the party's nominee, or filing for another office. [Emphasis added.]
As noted in Opinion 98-011, therefore, it is possible that there will be no "vacancy in nomination," despite the absence of a nominee. The relevant election Code provisions must be applied to the particular facts to definitively answer your question involving the withdrawal of an ineligible candidate.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh